IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| Strafford Singleton, | ) |
| Plaintiff, | ) |
| v. | ) |
| FedEx Express, Inc., | ) |
| Defendant. | ) |

CASE NO.: 2:22-cv-672-MHT-csc

JURY TRIAL REQUESTED

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

2022 NOV 17 P 2: 46

## COMPLAINT

**COMES NOW** the Plaintiff, Strafford Singleton, and hereby states this Complaint against the above-named Defendant, as set forth herein-below.

### I. JURISDICTION & VENUE

1.    Plaintiff Strafford Singleton files this Complaint, institutes these proceedings, and invokes the jurisdiction of this Court under and by virtue of 28 U.S.C. §§ 1331 and 1334 (a)(4), as an action arising under the Act of Congress known as The Age Discrimination in Employment Act (29 U.S.C. § 621, et seq.) and parallel Alabama law to obtain equitable relief, the costs of suit, including reasonable attorneys' fees, and awards of back pay and damages suffered by the Plaintiff, caused by the Defendants' discrimination against Plaintiff, due to 52 age.

2.    Plaintiff Strafford Singleton filed a charge of race and age discrimination with the U.S. Equal Employment Opportunity Commission

1

("EEOC") in Birmingham, Alabama on April 13, 2022.  Plaintiff received a right-to-sue on August 22, 2022, giving Plaintiff the right to pursue this claim in federal court for 90 days after said receipt. (Exhibit A). Although he believes some race discrimination is also involved, he believes the greatest discrimination against him was based on age and therefore he has chosen to file this action based on age only.

3.     Venue is proper in the Middle Division of the Middle District of Alabama, since the alleged discriminating action of Defendant occurred in Montgomery County, Alabama.

## II. PARTIES

4.     The named Plaintiff, Strafford Singleton (hereinafter "Plaintiff" or "Plaintiff Singleton"), is a citizen of the United States and a resident of Montgomery, Alabama.  Plaintiff is over the age of nineteen years.

5.     The Defendant, FedEx Express, Inc. (hereinafter "Defendant" or "Defendant FedEx"), is a corporation doing business in Alabama.

## III. STATEMENT OF FACTS

6.     Plaintiff Singleton was hired at FedEx in 1996, starting as a driver, and has progressed steadily throughout his 25 years of employment. Plaintiff Singleton was currently a Defensive Driving Trainer, who had an excellent training record and no previous incidents.

2

7.    As Plaintiff Singleton progressed through FedEx, he alleges that older staff members were being terminated for offenses for which younger **or Caucasian** employees were not; and that most FedEx drivers are under the age of 50, and many are much younger.

8.    Most recently, Plaintiff Singleton alleges that Mr. Tony R. Holmes, a 55-year-old African American, was recently terminated by forced resignation. He was falsely accused of involvement in 2 vehicle incidents. However, he was not the driver. Mr. Holmes was also wrongfully accused of not having clear communication with another employee, Jordan Davis, a white male still employed with FedEx. He was accused of **"talking with his hands"** and not verbally giving a subordinate employee needed information about what to do. As mentioned before, Mr. Holmes is also in his fifties and African American.

9.    On November 22, 2021, Plaintiff Singleton was conducting a Defensive Driving class at the Montgomery station and assigned a rental vehicle to conduct the class. Plaintiff Singleton went to Kelvin Bonner's office to obtain the key. Mr. Bonner stated the vehicle had a minor servicing issue, gave Plaintiff Singleton the keys, and stated he would need the keys back at the end of class. Plaintiff Singleton also informed Mr. Bonner he would need the keys the following day. Mr. Bonner informed Plaintiff Singleton he would personally resolve the issue. At the end of the class, Mr. Bonner was not available because he was

3

conducting interviews. Not wanting to disrupt the interview, Plaintiff Singleton left the keys in a secure location.

10.    On November 23, 2022, Plaintiff Singleton alleges that Mr. Bonner approached him and asked him if he had the keys to the aforementioned vehicle. Plaintiff Singleton told him he did. He produced a different key, and they exchanged keys. Plaintiff Singleton proceeded to the location where the other vehicle was located and immediately noticed it was not the exact type of vehicle used the day before. As continuity of training is important in these classes, Plaintiff Singleton informed Mr. Bonner of his findings. He stated the previous vehicle was now in service, and not available, although servicing had not been completed. Mr. Bonner stated in an authoritative voice, **"You needed a vehicle and I'm in charge of this vehicle now."**

11.    Feeling deceived and concerned, Plaintiff Singleton found Senior Manager Ron Lemin and explained the situation to him. After Plaintiff Singleton expressed his concerns to Mr. Lemin, he assembled all three parties together and asked for Mr. Bonner's side of the story. Mr. Lemin told Mr. Bonner and Plaintiff Singleton that, in his view, there has been miscommunication between Plaintiff Singleton and Mr. Bonner. Mr. Lemin directed Mr. Bonner to return the previous vehicle for use in the Defensive Driving class and he would personally talk to Mr. Bonner in private. Plaintiff Singleton alleges that Mr. Bonner then began

4

boisterously questioning him regarding the procurement of the first vehicle. However, each time Plaintiff Singleton tried to answer, Mr. Bonner would interject and not allow him to answer his questions. Mr. Bonner concluded by stating he thought Plaintiff Singleton had an integrity issue, and lied. He then left the area. Plaintiff Singleton thanked Mr. Levin for his intervention, expressed he did not have an integrity issue, and stated that Mr. Bonner had not told the entire truth.

12.     As Plaintiff Singleton reentered the facility to rejoin the class, Mr. Bonner approached him from the left. As they reached each other, Plaintiff Singleton could hear him talking but could not understand what he was saying. As there were no other individuals in the vicinity, Plaintiff Singleton politely asked Mr. Bonner if he was talking to him. Mr. Bonner responded in an aggressive tone, **"What! If I was talking to you, you would know I was talking to you! If it don't have nothing to do with FedEx business, don't say sh!t to me."** Since he so aggressively confronted Plaintiff Singleton, he decided to reach for the door to the classroom, but Plaintiff Singleton was pushed down by Mr. Bonner, resulting in a gashed and bleeding right leg.

13.     As Plaintiff Singleton arose from the ground, Mr. Bonner again confronted him in a threatening tone and said, **"I want you to put your hands on me, I want you too."** Plaintiff Singleton walked around him to seek assistance. He again said, **"Put your hands on me."** Plaintiff Singleton avers that Mr. Bonner

was working hard to escalate the situation, whereas Plaintiff Singleton was trying to deescalate and seek protection. He exited the facility, called 911, explained the situation and requested assistance. Plaintiff Singleton then found Senior Manager Ron Lemin and explained what had occurred. Mr. Bonner and Plaintiff Singleton later talked to the Montgomery police, but no charges were filed.

14. On November 26, 2021, Plaintiff Singleton was terminated for misconduct, in violation of the Acceptable Conduct Policy (P2-5) defined as Misconduct: using violent, threatening, intimidating, coercive, or abusive actions; engaging in violent, threatening, intimidating, coercive, or abusive behavior; or displaying blatant or public disrespect toward or about any employee, customer, vendor, or member of the public while on duty, on FedEx Express property, or at off-site Company meetings and functions. However, Plaintiff Singleton did not engage in violent, threatening, intimidating, coercive, or abusive actions against Mr. Bonner or any other employee, nor did the Plaintiff display any blatant or public disrespect toward Mr. Bonner.

15. Plaintiff Singleton completed all three steps of the Guaranteed Fair Treatment Policy, and at each stage management's decision to terminate was upheld.

16. Mr. Bonner has a 10-year history of confronting people while employed for FedEx, while he has none on his record. Mr. Bonner was the

instigator and continued the confrontation while Plaintiff Singleton tried to deescalate and escape the situation.

17.   Plaintiff had over 25 years of loyal service at FedEx with continuous advancement and documented excellent performance, earning approximately $70,000 per year and was well rewarded for his duties by management and peers. Plaintiff Singleton had no history of assault or fighting, and no criminal charges were filed in this incident. Plaintiff Singleton has no criminal charges for violent behavior that have ever been filed against him during his lifetime.

18.   Moreover, Tony Holmes was a supervisor of Plaintiff Singleton and was incorrectly cited as approving of the termination of Plaintiff Singleton when the truth is that he did not. Further, Mr. Tony Holmes was unaware of the circumstances surrounding Plaintiff Singleton's termination, and someone just signed Mr. Holmes' signature without his being aware of the termination of anyone signing his name.

## COUNT ONE - AGE DISCRIMINATION IN VIOLATION OF 29 U.S.C. ' 621, et seq.

19.   Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 18 above, the same as if more fully set forth herein, and further avers that the Defendant has discriminated against him due to his age by wrongfully terminating Plaintiff's employment.

7

20.    Plaintiff avers that the aforesaid actions of the Defendant violated 29 U.S.C. ' 621, et seq., prohibiting age discrimination in employment.

21.    Plaintiff avers that he has suffered economic damage as a proximate cause of said age discrimination.   Plaintiff avers that the age discrimination practiced against him was willful, thus entitling Plaintiff to double damages.

22.    Plaintiff further avers that he has pursued and has ·exhausted his administrative remedies.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that this Honorable Court will, upon a final hearing of this cause, enter an order with the following provisions:

a)    A judgment declaring that Plaintiff was discriminated against by the Defendant, due to Plaintiff's age;

b)    A judgment reinstating Plaintiff into his position of employment;

c)    An award of back pay for all lost wages, and in the event Plaintiff is not reinstated, then an award of front pay to which Plaintiff may be entitled;

d)    An award of all court costs and reasonable attorney's fees, including those incurred for seeking administrative relief;

8

e) A doubling of damages due to the willful nature of the age discrimination practices against Plaintiff; and,

f) Such further, other, and different relief as this Court may deem appropriate and necessary.

## COUNT TWO - VIOLATION OF ALABAMA CODE § 25-1-22

23. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 22 above, the same as if more fully set forth herein, and further avers that the Defendant's actions toward Plaintiff subjected him to unlawful employment practices that adversely affected the status of Plaintiff as an employee because of Plaintiff's age, and thus violated Plaintiff's rights under the State of Alabama's law against unlawful employment practices, Ala. Code § 25-1-22.

24. As a proximate cause of Defendant's afore-described actions against the Plaintiff, Plaintiff was injured and damaged, as set forth in paragraphs 1 – 23 above. In addition, Plaintiff has suffered considerable mental and emotional anguish.

25. Plaintiff avers that he has pursued and exhausted his administrative remedies.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that this Honorable Court will, upon a final hearing of this cause, enter an order with the following provisions:

a)   A declaratory judgment declaring that the Defendant has unlawfully discriminated against Plaintiff because of Plaintiff's age;

b)   An award of compensatory damages, including lost income and a doubling of damages for willful age discrimination practiced against Plaintiff;

c)   An award of all court costs and reasonable attorneys' fees, including those incurred for seeking administrative relief; and,

d)    Such further, other, and different relief as the Court may deem appropriate and necessary.

## V. JURY DEMAND

Plaintiff hereby requests trial by jury on all issues so triable.

Respectfully submitted this ⎵ day of November 2022.

Strafford Singleton
Plaintiff, pro se

11/17/22

3524 old Selma Rd
Montg, Al 36108
(334) 649-1067 Home
(334) 799-5438 Cell

PLEASE SERVE THE NAMED DEFENDANT BY CERTIFIED MAIL AT:


**FedEx Express, Inc.**
**c/o C T CORPORATION SYSTEM**
**2 NORTH JACKSON ST., SUITE 605**
**MONTGOMERY, AL 36104**